**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGRICELDA SERRANO OSORIO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-5194 Agency No. A206-677-487 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Agricelda Serrano Osorio, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review the BIA's legal conclusions de novo and its findings of fact for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1.　　To establish eligibility for asylum and withholding of removal, an applicant must show the existence of a nexus between past or feared harm and a statutorily protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Substantial evidence supports the agency's finding that the cartel members targeted Serrano Osorio solely because of her house's view of the road that the military used to enter town. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (explaining that an applicant does not meet her burden to establish nexus under the standards for asylum or withholding of removal where her protected ground is "not 'a reason' for her past persecution or feared future persecution").

2.　　Substantial evidence supports the agency's determination that Serrano Osorio's generalized evidence of violence against women in Mexico did not meet her burden for CAT protection. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture. The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-*

*speculative* risk of torture.").

**PETITION DENIED.**[1]

---

[1] The stay of removal remains in place until the mandate issues.